AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
MAR 3 0 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
Yahoo! Custodian of Records, 701 First Avenue, )
Sunnyvale, CA, 94089 ) '17 MJ 0959
User account: rickymancus21@yahoo.com )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Northern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Possession and receipt of child pornography |
| 18 U.S.C. § 2422 | Enticement of a minor |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Lana K. Sabata, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/30/17

_____
Judge's signature

City and state: San Diego, CA    Hon. Bernard G. Skomal, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed since May of 2008. In October of 2008, I was assigned to the Violent Crime and Major Offender Program in Northwest Indiana. Duties under this program focus on federal violent crime investigations including kidnapping, extortion, interstate transportation of stolen property, bank robberies, criminal gang activity and drug trafficking. Additionally, I was assigned as the Crimes Against Children (CAC) coordinator and worked child violations to include: parental kidnapping, enticement, prostitution and child pornography. In January of 2013, I was transferred to the FBI's San Diego Division. I am currently assigned to work crimes against children, specifically, the sexual exploitation of children to include various illicit commercial sex activities.

2. Prior to my employment with the FBI, I was a local law enforcement officer in Lincoln, Nebraska, for approximately seven years with experience in general investigations, as well as an undercover narcotics investigator. I have served in the United States Armed Forces, Air National Guard, Security Forces, to include active duty service. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered to investigate and make arrests for violations of U.S. criminal laws.

3. I make this affidavit in support of an application for a search warrant for information associated with the email account of rickymancus21@yahoo.com (Subject Account) that is stored at premises owned, maintained, controlled, or operated by Yahoo!, an email provider headquartered at Yahoo! Custodian of Records, 701 First Avenue, Sunnyvale, CA, 94089.

4. I seek authority to search for files located as described in Attachment A for the account listed in Attachment B, from December 1, 2015, to the present.

1

This affidavit is made in support of an application for a search warrant to require Yahoo! to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the rickymancus21@yahoo.com account, including the contents of all communications sent to and from this account.

5. This affidavit is based upon information I have gained through training and experience, as well as upon information related to me by other individuals, including law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause for this warrant.

6. Based upon the following information, I believe there is probable cause to believe that currently located within the Subject Account there is evidence, fruits and instrumentalities violations of 18 U.S.C. §§ 2252, 2252A, and 2422, more particularly described in Attachment B.

## STATEMENT OF PROBABLE CAUSE

7. On September 28, 2016, I located an advertisement posted on an online classified advertisement web site. The advertisement, titled "Young fit man into taboo – m4w," read as follows: "I'm 6'3 235 lbs very muscular and fit. I am college educated and a professional. I'm here to talk about taboo and any other nasty immoral secret turn on a people [sic] get off on. Let's talk. I'm in [sic] young, age play, incest, k9, scat, piss, puke ect message me or kik me at dirtyplay2133." On September 28, 2016, I responded through the online ad website and stated "mmmmm….i like the sounds of your ad..taboo is the best."

8.  On September 29, 2016, the poster who identified himself as Kik[1] user "dirtyplay2133" replied, again through the online advertisement website's email, and the following conversation transpired while I was acting in an undercover capacity online (UC):

| dirtyplay2133 | Thank you, what are you into? Do you have a pic? |
| --- | --- |
| UC | i like daddy/daughter, young, littles, submissive..i share when i trust. im sure u can understand |
| dirtyplay2133 | I understand, no worries..I'm love young, baby play, anything extreme or very taboo |
| UC | where have you been all my life! =) |
| dirtyplay2133 | I feel the same :) |

9.  The conversation continued, with small talk, such as talking about each other's age, and where the other lives. The poster of the online advertisement indicated he lived in Dana Point, California. I told "dirtyplay2133" I lived in San Diego.

10. In order to identify the poster of the online advertisement, a name query within Kik was conducted for the user id "dirtyplay2133." The query revealed a Kik user by the name "Ricky Mancuso," as well as a photograph. I then did a name query within Facebook for the name "Ricky Mancuso," and found a user by that name whose photograph matched that of "Ricky Mancuso" associated with the Kik user identification "dirtyplay2133." The Facebook profile indicated "Ricky Mancuso" lived in Dana Point, California.

11. A query of public and law enforcement databases for the name "Ricky Mancuso," was conducted and a California driver's license under the name Richard Charles Mancuso, Jr., associated with addresses in both San Clemente and Oceanside, California, was located. The DMV photograph for Richard

---

[1] Kik is an Internet messenger application which allows individuals to chat, using any smartphone which can connect to the Internet.

3

Charles Mancuso, Jr. matched the photograph found on the Facebook and Kik accounts of "Ricky Mancuso." DMV records also showed Richard Mancuso owned a 1996 Toyota 4-Runner, with California license plate 4PZH421.

12.   On September 30, 2016, Mancuso and I continued our conversation through the online advertisement website's email system:

| UC | so u like to talk about fantasy only, or real experiences you've had or fantasy and then maybe meet up and act it out...what's your thing babe? |
|---|---|
| Mancuso | I have acted out several of my taboos. I would love to act on all of them, talking is hot but gets old. What's your thing? |
| UC | i like to act out as well...i usually chat a bit, build up and get all excited..then meet, but not before i have some trust. ive been burned before by a few guys who only wanted photos and wanted to collect more to send to others...thus using me. not kewl. |
| Mancuso | Photos of you? Or photos of young? What do you like to act out? What would you want to get into with me? Do you have children? |
| UC | Both actually! I have two. 2 and 10. im open to a lot of things. i guess just depends on the person and if i like them. |
| Mancuso | Do you play with them a lot?" |
| UC | yes with the 10. kinda started with the 2. |
| Mancuso | What do you mean kinda started? What do you do? |
| UC | are u into one more than the other gender wise? |
| UC | like bathtub time with the body wash..seeing what happens. |
| Mancuso | Baby play is so hot |
| UC | im new in this area..thus my CL searching when I moved here. been turned on lately. is 2 to old 4u |
| Mancuso | I would go younger, but 2 is hot, especially if you allowed me to help you play together |
| * * * | |
| UC | how would you like to help us play... |
| Mancuso | That's up to you, I want you to guide me and show me first and then suck my cock while I play with them. |

4

13. Between September 30, 2016, and November 4, 2016, Mancuso and I continued to communicate through the online advertisement website's email system. On November 4, and into the morning of November 5, 2016, communication with Mancuso was turned over to an undercover employee of the FBI, hereinafter UCE. Mancuso gave his phone number and email address, rickymancus21@yahoo.com, to the UCE.

14. On November 5, 2016, while using his rickymancus21@yahoo.com email he wrote, "Do not be embarrassed at all, I will jerk off to them and send you a video of me cumming. My favorite is young and incest" and "Can I see a pic of you or something, I wanna get off to you or a pic of your kids". The UCE and Mancuso continued to communicate and made a plan to meet in person.

15. On November 10, 2016, Mancuso and the UCE met in person in Carlsbad, California, within the Southern District of California. Mancuso arrived at the meeting driving a Toyota 4-Runner, CA license plate 4PZH421. The UCE also identified Mancuso from the photographs contained on his Kik and Facebook profiles, as well as his California driver's license. During this meet, the UCE and Mancuso had casual conversation. The UCE said they could talk about the sexual activity with her fictional two-year-old at a later time.

16. After the meeting, on the same day, the UCE and Mancuso began texting via cellular telephone. In the early morning hours of November 11, 2016, the following conversation transpired:

| UCE | If you've never done this, why do it? |
|---|---|
| Mancuso | Because it's been a fantasy and my biggest turn [sic] I've never lived out |
| Mancuso | It turns me on that you want to watch or play |

5

| | |
|---|---|
| Mancuso | Pedo[1] mothers are the hottest and most taboo thing I'm into |
| Mancuso | But I want to do it in a loving way |
| Mancuso | With your guidance and would love to have you join in |

The conversation continued until about 3 a.m., when the UCE stopped responding due to the late hour.

17.   On November 13, 2016, Mancuso reached out to the UCE via text. In the late evening hours Mancuso states that he is "horny." Some of the texts are as follows:

| | |
|---|---|
| UCE | What would u do? While I watched and played |
| Mancuso | I would open her legs and lick her pussy and ask her if she likes that, then spit on my hands and rub her clit until she twitched |
| Mancuso | Make her feel good |
| Mancuso | Jerk off over her |
| * * * | |
| Mancuso | A perfect play date would be you laying her down on your bed and shutting the door, both of us undressing her, me ripping your clothes off, you sitting on the bed rubbing your pussy while I lick her. You spreading her pussy open so I can taste and smell her baby smell |
| Mancuso | Mmmmmm |
| Mancuso | Then watching you eat her out while I fuck you really hard from behind talking filthy to you |
| Mancuso | Then once I'm rock hard and my dick is covered in your pussy juice, I would rub it up and down her pussy and asshole, then let you suck the taste off my cock<br>Then I would jerk off over her and cum all over her pussy and watch you eat it off and enjoy it |
| UCE | Holy shit |
| UCE | I've got to read that again |
| UCE | Damn that's so fucking hot and perfect |
| Mancuso | Right? |
| Mancuso | I gave, now what do I receive |

---

[1] Based upon my training and experience, I know that "pedo" is short for "pedophile."

| Mancuso | I want to marry you, have more kids and play with them from the time they are born |

The UCE did not respond because of the late hour, so the communications ended for the evening.

18. On November 14, 2016, Mancuso reached out to the UCE:

| Mancuso | ?? |
| Mancuso | You disappeared last night |
| UCE | I'm sorry, i fell asleep |
| Mancuso | No problem, I can't stop thinking about how hot our conversation was, I came so hard |
| UCE | Lol! Me too! That's why I crashed |
| Mancuso | Lol, I'm at the beach and I'm seriously hard thinking about it |
| UCE | I'm not sure I want my girl to be your first experience. Do u look at that type of porn? |
| Mancuso | Yes, I've seen it |
| UCE | It's very loving |
| Mancuso | It would be loving |
| Mancuso | I wouldn't be aggressive at all |
| Mancuso | As if I was her father is how I would approach it |
| UCE | I know you'd be loving. There's no rush. Take ur time and think about it. Let me know if u want to move in that direction. |
| Mancuso | I'm letting you know I want to, last nights conversation finalized that for me. I'm all for talking this slow though if that's how you want it to happen. We should get together this week and have coffee and talk… |

19. Conversations between the UCE and Mancuso continued via text message. Arrangements were made between the UCE and Mancuso to meet at a coffee shop on December 1, 2016. The UCE had told Mancuso she was located in San Diego, and Mancuso said he lived in Dana Point. The UCE suggested the two meet in Carlsbad, California, within the Southern District of California. The UCE and Mancuso discussed that they would meet at the coffee shop first, and then go

7

to the UCE's residence so Mancuso could meet and engage in sexual acts with the fictional two-year-old minor female. Mancuso did not show up at the arranged time on December 1, 2016, and later texted that he got the times mixed up. Mancuso continued to communicate, however, with the UCE about meeting to engage in sexual acts with the fictional two-year-old minor female.

20. On December 4, 2016, in anticipation of a future meeting, the UCE and Mancuso had a recorded phone conversation about the rules Mancuso was to follow when meeting the UCE and the fictional two-year-old minor female for sex. At one point during the call the UCE told Mancuso he was not permitted to penetrate the child, including with his fingers, and Mancuso agreed. The UCE then asked:

| UCE | what about you... do you have any specific things you want to do... and run by me? |
| Mancuso | I want to eat her out... and rub her puss with my cock. |

21. Mancuso and the UCE agreed to meet on December 8, 2016, at a coffee shop in Carlsbad, California. In anticipation of the meeting on December 8, 2016, the UCE and Mancuso text messaged and had a recorded phone conversation on December 7, 2016. During those communications, it the UCE and Mancuso discussed that after initially meeting at the coffee shop, Mancuso would follow the UCE to her apartment where Mancuso would meet the fictional two-year-old female and engage in sexual activity with her. The following discussion between the UCE and Mancuso makes clear that Mancuso understood that engaging in sexual activity with a two-year-old was unlawful:

| UCE | If you have any doubts, we don't need to do this. I trust u |
| Mancuso | I think it being my first time I'm naturally just hesitant. Thinking what if the worse [sic] happens. It's not that I'm worried about the experience I'm honestly just going through scenarios in my head and let's just say this is a set up. My life is simply over. Just like that. |

8

22. Mancuso arrived at the coffee shop at approximately 8:52 a.m. on December 8, 2016. Below is a summary of a recording that took place between the UCE and Mancuso:

> When initially arriving and meeting, Mancuso asked where the two-year old was and if the UCE left her in the car. The UCE replied that she was back at the house eating with the neighbor who was watching her. The conversation continues and Mancuso asks something unintelligible, and the UCE said it was up to him. He replied that they could hang out and play it by ear. The UCE asks if the neighbor should stay with them and he says that she could leave. He could meet the two year old, hang out, and then "whatever." They then discuss the directions of how they will travel to her house.

Immediately after the discussion, the UCE and Mancuso left the coffee shop, with Mancuso following the UCE in his own vehicle. Mancuso followed the UCE and was attempting to park next to her when he was taken into custody at approximately 9:15 a.m. Mancuso is charged in Case No. 17cr32-WQH, with attempted enticement of a minor in violation of 18 U.S.C. § 2422(b).

23. As set forth herein, Mancuso communicated through email, using the Subject Account, over the Internet to engage in the conduct which forms the basis of these charges. Based upon my training and experience, I know that emailing requires the transmission of information through the Internet, which is a facility of interstate commerce.

24. During the course of my investigation, I obtained documents from the online classified advertisement web site pursuant to administrative subpoena relating to the Subject Account. In addition to the ad to which I responded, Mancuso posted multiple additional ads on the online classified advertisement web site in San Diego, Orange County, and Inland Empire, seeking to meet and chat with individuals about sexual matters. In addition to the ad to which I responded, Mancuso posted at least fifteen additional ads on the online classified

advertisement web site indicating he was into "young" and was interested in meeting and talking with other similar-minded people.

25. Based upon my experience and investigation in this case and in other cases, I know that individuals who engage in discussions of sexually explicit conduct regarding minors often also view, possess, and distribute images of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2). During his discussions with the UCE on November 14, 2016, Mancuso stated he had seen images of child pornography. Further, at the time of his arrest, Mancuso consented to a search of his Apple iPhone. Review of the contents of that iPhone show that Mancuso used the phone to visit a website called "Motherless.com" on numerous occasions between October 17, 2016, and December 6, 2016. Based upon my experience and training, I know that this website is one that contains images of minors engaged in sexually explicit conduct. For example, the title of one URL visited is "Horny Kik Users – Looking for a young female slave." Another was titled "Hot Teen Girl Takes a Poop and Pee for Camera – MOTHERLESS.COM."

26. Based upon my experience and investigation in this case and in other cases, I believe there is probable cause to believe that there is evidence, fruits and instrumentalities of enticement of a minor to engage in unlawful sexual conduct, in violation of 18 U.S.C. § 2422, as well as offenses involving child pornography in violation of 18 U.S.C. §§ 2252 and 2252A, as more particularly described in Attachment B in the location described in Attachment A.

27. Based upon my experience and training, the evidence of illegal activity described above is maintained by individuals involved in illicit sexual conducted on online accounts such as the online classified advertisement web site used by Mancuso, and electronic mail accounts supported by email providers such as Yahoo!

10

## PRIOR ATTEMPTS TO OBTAIN DATA

28. In January of 2017, Mancuso consented to the search of the Subject Account, and gave the United States his password for the account. As a result, I have already gathered some information from the Subject Account.

## GENUINE RISKS OF DESTRUCTION

29. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, I know that electronically stored data can be permanently deleted or modified by users possessing basic computer skills. In this case, however, a preservation letter was sent to Yahoo on December 8, 2016, seeking the preservation of all data associated with the Subject Account.

## PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

30. Federal agents and investigative support personnel are trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Yahoo! are not. It would be inappropriate and impractical for federal agents to search the vast computer network of Yahoo! for the relevant accounts and then to analyze the contents of those accounts on the premises of ISPs. The impact on the Yahoo! business would be severe.

31. Therefore, I request authority to seize all content, including electronic mail and attachments, stored instant messages, stored voice messages, photographs and any other content from the Yahoo! accounts, as described in Attachment A. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Yahoo!, to protect the rights of the subject of the investigation and to effectively pursue this investigation, authority is sought to allow Yahoo! to make a digital copy of the

entire contents of the accounts subject to seizure. That copy will be provided to me or to any authorized federal agent. The copy will be forensically imaged and the image will then be analyzed to identify communications and other data subject to seizure pursuant to Attachments B. Relevant data will be copied to separate media. The original media will be sealed and maintained to establish authenticity, if necessary.

32. Analyzing the data to be provided by Yahoo! requires special technical skills, equipment and software. It also can be very time-consuming. Searching by keywords, for example, often yields many thousands of "hits," each of which must be reviewed in its context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Certain file formats do not lend themselves to keyword searches. Keywords search text. Many common electronic mail, database and spreadsheet applications, which files may have been attached to electronic mail, do not store data as searchable text. The data is saved in a proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases dramatically.

33. Based on the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months. Keywords need to be modified continuously based upon the results obtained. The personnel conducting the segregation and extraction of data will complete the analysis and provide the data authorized by this warrant to the investigating team within ninety (90) days of receipt of the data from the service provider, absent further application to this court.

34. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic messages/comments/entries that identify any users of the subject account(s) and any electronic communications sent or received in temporal proximity to incriminating electronic mails that provide context to the incriminating mails.

35. All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

## CONCLUSION

36. Based on the foregoing, there is probable cause to believe the items identified in Attachment B have been used in the commission of a crime and constitute evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252, 2252A, and 2422 and will be found on the at the property to be searched as provided in Attachment A.

Lana K. Sabata, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this ___3ᴏ___ day of March, 2017.

Hon. BERNARD G. SKOMAL
United States Magistrate Judge

# ATTACHMENT A
## DESCRIPTION OF LOCATION TO BE SEARCHED

Yahoo! is an email provider with its primary computer information systems and other electronic communications and storage systems, records and data located at Yahoo! Custodian of Records, 701 First Avenue, Sunnyvale, CA, 94089.

## ATTACHMENT B
## LIST OF ITEMS TO BE SEIZED

1. <u>Service of Warrant</u>

The officer executing the warrant shall permit Yahoo, as custodian of the computer files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer.

2. <u>Items subject to seizure</u>

All subscriber and/or user information, all electronic mail, images, text messages, histories, buddy lists, profiles, method of payment, detailed billing records, access logs, transactional data and any other files associated with the following accounts and screen names from December 1, 2015 to the present:

rickymancus21@yahoo.com

3. The search of the data supplied by Yahoo pursuant to this warrant will be conducted as provided in the "Procedures For Electronically Stored Information" of the affidavit submitted in support of this search warrant and will be limited to the time period of December 1, 2015, to the present, and to the seizure of electronic mail and attachments that are evidence of 18 U.S.C. §§ 2252, 2252A, and 2422, including the following:

   a. Electronic communications and attachments (sent, saved or received) evidencing efforts to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.

   b. Electronic communications, records, and attachments evidencing the use of the internet or any other means or facility of interstate or foreign commerce, or travel in interstate or foreign commerce, to engage in sexual activity for which any person can be charged with a criminal offense or any attempt to do so.

   c. Electronic mail and attachments that provide context to any electronic mail reflecting the criminal activity described in this warrant including any electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail that identifies any users

    of the subject account.

d. Electronic communications and attachments (sent, saved or received) that contain images of minors engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256(2), or stories that describe a minor engaged in unlawful sexual activity.

e. Electronic communications and attachments which identify the user of the email account rickymancus21@yahoo.com.